UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MIRIAM COHEN,**<br><br>       Plaintiff,<br><br>v.<br><br>**AMERICAN CREDIT BUREAU, INC.,**<br><br>       Defendant. | Civ. No. 10-CV-5112 (WJM)<br><br>**MEMORANDUM**<br>**OPINION & ORDER** |

   **THIS MATTER** comes before the Court on the March 13, 2012 Report and Recommendation by United States Magistrate Judge Mark Falk (the "R&R") regarding Plaintiff's counsel's application for attorney's fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"). ECF No. 32; *Cohen v. American Credit Bureau, Inc.*, No. 10-5112, 2012 WL 847429 (D.N.J. Mar. 13, 2012). The R&R recommended a substantial reduction in the fee award. Pursuant to Local Civil Rule 72.1(c)(2), the parties received copies of the R&R and were given fourteen days to submit objections and responses. Defendant did not file an objection. Plaintiff, however, objected vigorously. Because the R&R provides a thorough recounting of the factual and procedural history of this case, this Court need not revisit those facts here and will instead plunge directly into Plaintiff's objections.

   Local Civil Rule 72.1 governs review of a Magistrate Judge's Report and Recommendation and objections thereto. The rule provides that the Court "shall make a de novo determination of those portions to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." L. Civ. R. 72.1(c)(2). In conducting its review, the Court "may consider the record developed before the Magistrate Judge, [and make its] own determination on the basis of that record." *Id.*; *see also State Farm Indem. v. Fornaro*, 227 F.Supp. 2d 229, 231 (D.N.J. 2002).

   First, Plaintiff objects to Judge Falk's finding that Plaintiff was to blame for the length of the litigation. Plaintiff insists that the blame should be laid properly on Defendant, as Defendant's counsel did not act promptly in serving a formal

1

Offer of Judgment pursuant to Federal Rule of Civil Procedure 68. But the Court has reviewed the R&R de novo on this point and accepts Judge Falk's finding for several reasons. Judge Falk correctly recognizes that while it *may* have been a technical or tactical mistake on the part of Defendant to delay in serving the Offer of Judgment, the fact remains that Defendant had made an offer of settlement but Plaintiff had not yet accepted it. This offer of settlement was substantially the same as the offer that Plaintiff eventually accepted after waiting several months and accruing tens of thousands of dollars in additional legal fees. And Judge Falk correctly recognizes that Plaintiff's novel and extravagant legal theory prolonged the litigation and undercut attempts to settle. Plaintiff threatened to bring ten separate lawsuits all based on one telephone call involving one debt. Plaintiff rejected multiple settlement offers for months while pursuing this unsupported legal theory that it ultimately abandoned. On this record, the Court finds that Plaintiff bears responsibility for prolonging the litigation, and thus, Judge Falk was correct to consider that burden in recommending a reduced fee award.

     Second, Plaintiff objects to Judge Falk's finding that Plaintiff acted in bad faith because her legal theory regarding the propriety of successive lawsuits was unsupported and unreasonable. For the sake of clarity, the Court notes that Plaintiff's objection misconstrues the R&R. The R&R specifically finds that Plaintiff's "threat of successive lawsuits *borders* on bad faith" not that Plaintiff actually acted in bad faith. And this Court's de novo review of the record leads it to the conclusion that that Judge Falk's finding is correct. While Plaintiff eventually did cite some case law, those cases do not remotely support her position.[1] And Plaintiff's position runs contrary to well-established law, as the thorough legal analysis in the R&R reveals. More importantly, she ultimately abandoned her threat for successive litigation once she had accrued a large amount of attorney's fees. For these reasons, the Court agrees with Judge Falk's finding that Plaintiff's

---

[1] *Goins v. JBC & Assocs., P.C.*, 352 Supp. 2d 262 (D. Conn. 2005), only stands for the proposition that the doctrine of claim preclusion does not prevent a plaintiff from filing a separate lawsuit for a new FDCPA violation that occurs after the filing of an earlier action against the same defendant for a different FDCPA violation. *See id.* at 266-67. *Harper v. Better Business Servs., Inc.*, 961 F.2d 1561 (11th Cir. 1992), only stands for the straightforward proposition that under subsection 1692k(a)(2)(A), statutory damages in an FDCPA case are limited to $1,000 per action even where the action might prove or allege multiple violations. *Id.* at 1563. The remaining district court cases Plaintiff cites are in accord with *Harper*, and not one supports Plaintiff's contention that she can circumvent the plain language of subsection 1692k(a)(2)(A) by filing multiple lawsuits all arising from the same set of circumstances. Even Judge Nathanial Jones's dissent in *Wright v. Fin. Serv. Of Norwalk, Inc.*, 22 F.3d 647 (6th Cir. 1994), which Plaintiff cites, provides no support for her position. Judge Jones only disagrees with the majority opinion that the $1,000 limit should apply to each action and instead argues that courts should interpret the limit as applying per violation in order to prevent unscrupulous debt collectors from continuing to engage in abusive practices against the same debtor once they have committed the first violation. *Id.* at 652-53. Judge Jones's reasoning assumes that Plaintiff's position is incorrect; if not, his concerns about abusive practices would be unfounded because the debtor could discourage further violations by filing a new action for each one.

novel legal theory was little more than a litigation tactic that multiplied the proceedings and unnecessarily increased Plaintiff's attorney's fees.

      Finally, Plaintiff objects to Judge Falk's findings regarding the level of success Plaintiff achieved. But this Court's de novo review of the R&R again compels the conclusion that Judge Falk's findings were correct. Judge Falk reduced the fee, in part, because Plaintiff was unsuccessful in pressing her legal theory regarding the propriety of successive lawsuits and unsuccessful in her request for actual damages. Plaintiff claims that these reductions were improper because Plaint was ultimately successful on her claim for statutory damages, and she cites both *Hensley v. Eckerhart*, 461 U.S. 424 (1983), and *Texas State Teachers Ass'n v. Garland School Dist.*, 489 U.S. 782 (1989), as standing for the principle that success on any significant issue in the litigation forecloses a reduction in the awarded fees. But Plaintiff misconstrues the holdings of both *Hensley* and *Texas State Teachers*. Plaintiff selectively quotes *Hensley* as holding that "the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." 461 U.S. at 435. The true holding of *Hensley* is far less broad than Plaintiff pretends it to be, as revealed by review of the full passage Plaintiff quotes:

> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.

*Id.* (citation omitted). This is a far cry from Plaintiff's claim that a court may not reduce an attorney's fees if the client obtained any significant success whatsoever. This passage from *Hensley* cautions district courts not to penalize attorneys who pled several claims in the alternative merely because they were not successful on all of their alternative claims. *Hensley* also holds that in cases "the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* As the R&R reflects, Judge Falk applied *Hensley* correctly and faithfully by focusing on the final result and overall relief Plaintiff's counsel obtained. *Texas State Teacher* also supports Judge Falk's recommendation, as it recognizes that a district court may consider the degree of a plaintiff's success in fixing the amount of fees to award. *See* 489 U.S. at 790 (holding that under *Hensley* "the degree of the plaintiff's success in relation to the other goals of the lawsuit is a factor critical to the

determination of the size of a reasonable fee."). Thus, it was not only correct but necessary for Judge Falk to consider Plaintiff's overall success in determining the reasonableness of the fee award.

In addition to the de novo review discussed above, the Court has reviewed the R&R in its entirety and finds it to be thorough, well-reasoned, and correct in all aspects.

For the foregoing reasons, and good cause appearing,

**IT IS** on this 29th day of May 2012, hereby,

**ORDERED** that the R&R is adopted as the Opinion of this Court; and it is further

**ORDERED** that Plaintiff's application for fees is **GRANTED IN PART AND DENIED IN PART**; and it is further

**ORDERED** that Plaintiff is awarded $1,046.75 in attorney's fees and $453.00 in costs for a total award of $1,499.75.

           /s/ William J. Martini
    **WILLIAM J. MARTINI, U.S.D.J.**